*Hartland v. Coley*, No. 17-1-13 Wrcv (Teachout, J., August 5, 2014)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Windsor Unit | CIVIL DIVISION<br>Docket No. 17-1-13 Wrcv |

| | |
|---|---|
| Town of Hartland,<br>    Plaintiff<br><br>v.<br><br>Fred Coley and Joyce Coley<br>    Defendants | |

## ENTRY ORDER

Before the court is Plaintiff Town of Hartland's motion for summary judgment as to Counts I, II, III, IV, and V, filed on December 10, 2013. Under Rule 56(a) of the Vermont Rules of Civil Procedure, the court shall grant summary judgment if the moving party demonstrates there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The undisputed material facts show that Plaintiff has established grounds for relief. Whether Plaintiff is entitled as a matter of law to the forms of relief requested in the Complaint is an issue that requires further analysis. Accordingly, this matter will be scheduled for a hearing to review the following issues with respect to remedies available for each count:

Count I of the complaint alleges violations of a municipal ordinance adopted by Plaintiff on December 15, 2008, entitled "Outdoor Storage of Junk and Junk Vehicles." This ordinance was lawfully enacted and the facts show that Defendants are in violation. However, the question is whether the relief sought—specifically, authorization to the Town to remove "all junk and debris from the property" if not done by the owner or alternatively—is an authorized form of relief for violation, as the ordinance specifies methods of enforcement in Article 3, and removal by the Town is not included. In addition, there may be a question as to the meaning of "debris," which is not defined in the ordinance. Thus, the issue for hearing is a proper remedy.

According to Plaintiff's motion for summary judgment, Count II of the complaint is "simply a restatement of existing Vermont law as set forth in 24 V.S.A. § 2271," which declares the presence of "junk motor vehicles" on a person's property to be a public nuisance if "in a place where it is visible from the main traveled way of a highway." At the hearing, the parties may be expected to address whether Plaintiff Town, as opposed to the State Agency of Transportation, has the authority to seek relief under this statute. See 24 V.S.A. § 2273. There is also the question of whether 24 V.S.A. § 2271 authorizes a particular portion of the relief

requested, namely, that Defendants be forbidden from depositing "any further material of any description on the premises."

Under <u>Count III</u> of the complaint, Plaintiff purports to proceed pursuant to 19 V.S.A. § 1105, which imposes penalties for "[a] person … who places or causes to be placed an obstruction or encroachment in a public highway or trail, so as to hinder or prevent public travel, or to injure or impede a person traveling on the highway or trail."  At the hearing on this matter, Plaintiff may be asked to specify the exact items it claims to be obstructing or encroaching in a public highway, and how these items are placed so as to hinder or prevent public travel, or injure or impede a person travelling on the highway.

Under <u>Count IV</u> of the complaint, Plaintiff proceeds pursuant to 24 V.S.A. § 2201, which requires individuals to properly dispose of "solid waste" as defined in 10 V.S.A. § 6602.  In its motion, Plaintiff claims that while 10 V.S.A. § 6602(2) provides a specific definition for "solid waste," the term, as used in 24 V.S.A. § 2201, also includes other specifically defined terms under 10 V.S.A. § 6602, including "Hazardous waste," "Storage," and "Waste."  Plaintiff may be requested to further establish the basis for this claim.  The parties may also be expected to discuss whether any alleged violations are properly lodged with this court, as opposed to another forum.  See 24 V.S.A. § 2201(b).

Finally, under <u>Count V</u> of the complaint, Plaintiff alleges that Defendants are illegally operating a salvage yard, in violation of 24 V.S.A. §§ 2241, et seq.  As with Count II, which also proceeds under the statutory subchapter on "Salvage Yards," Plaintiff is asked to support the basis for its standing to proceed under the provisions of this subchapter.  See 24 V.S.A. § 2243, § 2281(b).  The court may also question Plaintiff as to whether this action is appropriately pending in the Civil Division.  See 24 V.S.A. § 2281(a).  Additionally, the parties will be expected to address the issue of whether the applicable statutory provisions permit the court to authorize and empower Plaintiff, as requested, to "take such action as necessary to cause removal of the property."

The court will schedule a hearing for the purposes of addressing the issues set forth above.

Dated this ____ day of July, 2014.

_____
Mary Miles Teachout
Superior Court Judge

2